

**THIS ORDER IS APPROVED.**



Dated: September 22, 2009

_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____

**2525 E. CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-06479/0200638385

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>David Russell Hillard<br>       Debtor.<br>_____<br>Mortgage Electronic Registration Systems, Inc. as nominee for Wells Fargo Home Mortgage a Division of Wells Fargo Bank NA<br><br>       Movant,<br>  vs.<br><br>David Russell Hillard, Debtor; Dianne C. Kerns, Trustee.<br><br>       Respondents. | No. 4:08-bk-09344-JMM<br><br>Chapter 13<br><br>(Related to Docket # 28)<br><br>**ORDER APPROVING STIPULATION REGARDING MOTION FOR RELIEF** |

IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned, that the Motion for Relief filed on May 8, 2008 is hereby resolved by terms listed below with respect to the real property which is the subject of the Deed of Trust recorded September 8, 2006, at Recorders No. 20061740714, in the records of the Pima County, Arizona Recorder's Office, wherein David Russell

Hillard, is designated as trustor and Mortgage Electronic Registration Systems, Inc. as nominee for Wells Fargo Home Mortgage a Division of Wells Fargo Bank NA is the current beneficiary, which Deed of Trust encumbers the following described real property:

> Lots 21 and 22 in Block 9 of MILLSTONE MANOR NO. 6, a subdivision of Pima County, Arizona, according to the Map or Plat thereof of record in the office of the County Recorder of Pima County, Arizona, in Book 11 of Maps and Plats at Page 82 thereof;

EXCEPT all coal and other minerals as reserved in the Patent from the United States of America.

IT IS FURTHER ORDERED that the debtor will cure the post-petition arrearages currently due as follows:

| | |
|---|---|
| 4 Monthly Payments at $577.41 (April 1, 2009 – July 1, 2009) | $ 2,309.64 |
| Motion for Relief filing fee | $ 150.00 |
| Attorney Fees Due | $ 337.04 |
| Less Funds Held by Debtor Attorney | ($2,424.63) |
| Less Suspense at $372.05 | ($ 372.05) |
| Total amount due | $ 0.00 |

The Debtor will make the regular post-petition payment due for August 1, 2009, which shall be made when due, and all subsequent payments shall be made when due.

IT IS FURTHER ORDERED that Mortgage Electronic Registration Systems, Inc. as nominee for Wells Fargo Home Mortgage a Division of Wells Fargo Bank NA as the current beneficiary under the above described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this Order are complied with. In the event of default in making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure if the automatic stay provisions are terminated, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtor, Debtor's Counsel and Trustee and Debtor's failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15)

day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtor will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtor shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a <u>cashier's check or money order</u>, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor Bankruptcy Case No. 4:08-bk-09344-JMM is dismissed, either voluntary or involuntary, for any reason, this Stipulation will become null and void and Mortgage Electronic Registration Systems, Inc. as nominee for Wells Fargo Home Mortgage a Division of Wells Fargo Bank NA, and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

…

…

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

DATED this _____ day of _____ 2009.

_____
UNITED STATES BANKRUPTCY JUDGE